KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
MICHAEL T. LANE (SBN 248624)
mlane@lewiskohn.com
LEWIS KOHN & FITZWILLIAM, L.L.P.
10935 Vista Sorrento Parkway, Suite 370
San Diego, California 92130
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
KITTRICH CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTRICH CORPORATION, a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>QUARK ENTERPRISES, LLC, a Utah limited liability company; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KITTRICH CORPORATION (hereinafter, "KITTRICH") hereby complains that Defendant QUARK ENTERPRISES, LLC (hereinafter, "QUARK") and DOES 1-10, inclusive, infringe KITTRICH'S United States Patent No. 6,769,369 (the "'369 Patent") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT                                                1

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b) and (c), and 1400(b).

## THE PARTIES

4. Plaintiff KITTRICH is a corporation organized under the laws of the State of California with its principal place of business at 1585 W. Mission Blvd., Pomona, CA 91766.

5. KITTRICH is the owner by assignment of the '369 Patent duly and lawfully issued on August 3, 2004. A copy of the '369 patent is attached hereto as <u>Exhibit A</u>. A copy of the notice of recorded assignment is attached hereto as <u>Exhibit B</u>.

6. KITTRICH is informed and believes, and on that basis alleges, that Defendant QUARK is engaged in the manufacture and sale of certain modular furniture headquartered in Provo, Utah, doing business in this judicial district, and has committed acts of infringement in this judicial district.

7. KITTRICH is presently uninformed of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-10, inclusive (hereinafter, "DOE DEFENDANTS"). KITTRICH is informed and believes, and thereupon alleges, that these DOE DEFENDANTS engaged in, or are in some manner responsible for, the wrongful conduct and damages to KITTRICH alleged herein. KITTRICH therefore sues these DOE DEFENDANTS by such fictitious names and will amend or seek leave to amend this pleading to explain DOE DEFENDANTS' involvement in the wrongful conduct alleged herein and to substitute the true names and capacities of said DOE DEFENDANTS when they are ascertained.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

8. KITTRICH hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 7.

COMPLAINT        2

9. KITTRICH is informed and believes, and on that basis alleges, that QUARK and DOE DEFENDANTS have been and still are infringing the '369 Patent under 35 U.S.C. §271 (a) by making, using, importing, selling and/or offering for sale modular furniture covered by at least claim 1 of the '369 Patent, including but not limited to the Sprout 6-Cubby Shelf.  KITTRICH is further informed and believes, and on that basis alleges, that QUARK'S and DOE DEFENDANTS' infringement of the Patents under §271 (a) will continue unless enjoined by this Court.

10. KITTRICH is informed and believes, and on that basis alleges, that QUARK and DOE DEFENDANTS and each of them have been and still are knowingly and intentionally inducing others under 35 U.S.C.§271 (b) to directly infringe at least claim 1 of the '369 Patent through the making, using, importing, selling and/or offering for sale modular furniture covered by at least claim 1 of the '369 Patent, including but not limited to the Sprout 6-Cubby Shelf. KITTRICH is further informed and believes, and on that basis alleges, that QUARK'S and DOE DEFENDANTS' inducement of others under § 271 (b) will continue unless enjoined by this Court.

11. KITTRICH is informed and believes, and on that basis alleges, that if QUARK and DOE DEFENDANTS and each of them continue infringing at least claim 1 of the '369 Patent with full knowledge thereof, such infringement will be willful and deliberate and will continue unless enjoined by this Court.

12. KITTRICH is informed and believes, and on that basis alleges, that QUARK and DOE DEFENDANTS, and each of them, derived, received, and will continue to derive and receive from the aforesaid acts of infringement gains, profits, and advantages, tangible and intangible, the extent of which is not presently known to KITTRICH but is not less than $75,000. By reason of the aforesaid acts of infringement, KITTRICH has been, and will continue to be, greatly and irreparably damaged.

COMPLAINT 3

13. KITTRICH is informed and believes, and on that basis alleges, that QUARK'S and DOE DEFENDANTS' deliberate acts in full view of at least claim 1 of the '369 Patent, constitute an exceptional case within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, KITTRICH prays for relief as follows:

A. That QUARK and DOE DEFENDANTS and each of them be adjudged to have infringed the '369 Patent under 35 U.S.C. §§ 271(a) and (b);

B. That QUARK and DOE DEFENDANTS and each of them, their subsidiaries, divisions, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with either of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '369 Patent;

C. That the Court award KITTRICH recovery of damages to compensate KITTRICH for QUARK'S and DOE DEFENDANTS' infringement of the '369 Patent pursuant to 35 U.S.C. § 284 in an amount to be proven at trial but not less than $75,000;

D. That QUARK and DOE DEFENDANTS and each of them be adjudged to have willfully infringed the '369 Patent under 35 U.S.C. § 271 (a) and (b), and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

E. That this action be adjudged an exceptional case, and that the Court award KITTRICH its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285;

F. That the Court assess pre-judgment and post-judgment interest and costs of suit against QUARK and DOE DEFENDANTS and each of them, and award such interest and costs to KITTRICH pursuant to 35 U.S.C. § 284; and

////

////

COMPLAINT                                                              4

G.  That KITTRICH have such other and further relief as this Court may deem just and proper.

Dated: July 17, 2014  LEWIS KOHN & FITZWILLIAM, LLP

  */s Kent M. Walker*
Kent M. Walker (SBN 173700)
kwalker@lewiskohn.com
Attorneys for Plaintiff
KITTRICH CORPORATION

## **DEMAND FOR JURY TRIAL**

Plaintiff KITTRICH CORPORATION hereby demands a trial by jury as to all issues triable by jury.

Dated: July 17, 2014  LEWIS KOHN & FITZWILLIAM, LLP

  */s Kent M. Walker*
Kent M. Walker (SBN 173700)
kwalker@lewiskohn.com
Attorneys for Plaintiff
KITTRICH CORPORATION

COMPLAINT    5